UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRÉ CORNELL BLANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 04-CV-0331-B |
| | § | |
| FORD MOTOR CREDIT and MIKE NELSON, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

The following motions are before the Court: 1) Defendant Ford Motor Credit's ("Ford") Motion for Summary Judgment (docket no. 64); 2) Plaintiff's Motion for Summary/Partial Summary Judgment (docket no. 73) and 3) Ford's Motion to Strike Plaintiff's Motion for Summary Judgment (docket no. 82). For the reasons that follow, the Court GRANTS Ford's Motion for Summary Judgment, DENIES Plaintiff's Motion for Summary/Partial Summary Judgment, and DENIES as moot Ford's Motion to Strike Plaintiff's Motion for Summary Judgment.

### I. Factual and Procedural Background

Defendant Ford hired Plaintiff André Cornell Blanks ("Blanks") as an Account Services Representative on January 16, 2001. (Def. App. at 3). At various times during his employment with Ford, Blanks went on both short- and long-term disability leave. (Def. App. at 8-15; 12-13, 14-15). On March 31, 2003, while on disability leave, Blanks submitted to Ford a letter by which he tendered his resignation from Ford, citing his health as one of the reasons for making the decision to leave the company. (Def. App. at 7).

Blanks filed this lawsuit on February 17, 2004, asserting causes of action under the Americans

with Disabilities Act ("ADA"), the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Texas Deceptive Trade Practices Act, the Truth in Lending Act, and various other statutes. He also brings a breach of contract claim. With respect to his ADA claim, Blanks alleges that he suffers from a compressible lower back and a shoulder injury sustained while working for a previous employer. (Compl. p. 3). He complains that he repeatedly requested that Ford modify his workstation to accommodate his back condition but that such requests went ignored by Ford. (Compl. p. 3-4). As a result of Ford's failure to modify his workstation, Blanks asserts that he was forced to take a workers' compensation leave of absence. (*Id.* at 4). Upon his return from leave, Blanks alleges that he was demoted and re-assigned to a salary-grade post in the mail room requiring him to lift and deliver hundred of boxes of copy paper weighing 50 pounds on a daily basis. (*Id.*). Blanks states that he worked in the mail room for three months, after which time he was forced to resign for health reasons. (*Id.* at 5).

With respect to his remaining claims, Blanks alleges that while working as a Ford employee he purchased a 2002 Lincoln LSE from Ford in February 2002 and makes payments on that car in the amount of $779.00 per month. (*Id.* at 6). After purchasing the car, Blanks allegedly requested, and Ford acceded to, a two-week extension to meet his payment obligations. (*Id.*). According to Blanks, Ford's records reflect the extension, yet Ford nevertheless failed to properly process it and reported to credit agencies that his account "is three times past 31 days delinquent." (*Id.*). Blanks also alleges that Ford violated his rights by, among other things, obtaining a copy of his credit report in violation of the Fair Credit Reporting Act, posting personal information on his automobile account, and breaching an alleged contract. (Compl. pp. 6-10).

Ford filed a motion to dismiss Blanks's claims on March 10, 2004. On January 7, 2005, this

Court entered a Memorandum Order granting that motion in part and denying it in part. Through that order the Court expressly dismissed Blanks's claims for "discrimination", deceptive trade practices, violations of the Truth in Lending Act, violations of 42 U.S.C. § 1983, official oppression, violations of the Ninth and Fourteenth Amendments, violations of the "Age Discrimination Act", violations of the Consumer Leasing Act, violations of the Lanham Act, violations of the "Federal Trade Commission" and all claims for "False Advertisement." Blanks's Complaint also makes oblique references, however, to violations of 28 U.S.C. § 1367, the Civil Rights Act of 1991, the "FML Act 1993", and 42 U.S.C. § 1981. To the extent such claims were not explicitly dismissed by the Court's January 7, 2005 Memorandum Order, the Court finds that there are no legal or factual bases for those claims set forth in the Complaint and that Blanks, in his responsive summary judgment briefing, has failed to identify specific evidence in the record supporting those claims. Accordingly, those claims, too, are dismissed. Thus, in the wake of the Court's ruling on Ford's motion to dismiss, the following of Blanks's claims remain: violations of the ADA, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and for breach of contract. Ford's counterclaims for breach of contract, money had and received, and unjust enrichment also remain for resolution at trial.

The Court recognizes that there is another Defendant in this case, Mike Nelson. On March 10, 2004, Nelson filed a motion to dismiss for insufficient service. By Memorandum Order on January 7, 2005, the Court granted that motion in part and denied it in part. Specifically, although the Court found that Nelson had not been properly served, it allowed Blanks an additional 30 days to effect service on Nelson. In the order, the Court admonished Blanks that his failure to properly serve Nelson within 30 days from January 7, 2005 would result in Nelson's dismissal from this case. The docket indicates that, to date, Nelson has still not been served. Accordingly, the Court

3

dismisses Nelson from this action.

## II. Analysis

A.   **Summary Judgment Legal Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgement is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-

movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

The district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Rather, the non-movant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [her] claim." *Bookman v. Shubzda*, 945 F.Supp. 999, 1004 (N.D. Tex. 1996)(quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). A plaintiff's *pro se* status does not absolve him of his obligation to set forth specific facts supporting his claims. *Id.*; *Jones*, 82 F.3d at 1338. "There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Bookman*, 945 F.Supp. at 1005.

**B.     Timeliness of Blanks's ADA Claim**

A plaintiff asserting an ADA claim must comply with the procedures required of a Title VII claimant that are codified at 42 U.S.C. § 2000e-5. See 42 U.S.C. § 12117. Section 2000e-5(e) requires a plaintiff to file an administrative charge of discrimination within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Because Texas has a state or local administrative apparatus designed to handle employment discrimination complaints, the period in which a plaintiff must file a charge of discrimination is extended to 300 days. *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998); *McGarrah v. Kmart Corp.*, 1999 WL 455716, at *1 (N.D. Tex. July 2, 1999).

The limitations period "on an employment discrimination claim 'begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred.'"

5

*Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002) (quoting *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000)). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Piotrowski v City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). The Court finds that Blanks should have known the facts supporting his discrimination claim, at latest, on March 31, 2003, when he resigned his employment with Ford. (Def. App. at 7). Blanks did not file a charge of discrimination until almost one year later, on March 11, 2004, beyond 300 days from the date of Blanks's resignation. (Def. App. at 29-30). Blanks's ADA claim is consequently time-barred, unless he can demonstrate that the limitations period on his claim should be equitably tolled. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003) (limitations period on filing a charge of employment discrimination is subject to equitable doctrines such as tolling or estoppel). Equitable tolling doctrines "are to be applied sparingly", however, and the party invoking equitable tolling bears the burden of demonstrating its applicability to his case. *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

The Fifth Circuit has recognized three possible bases for equitable tolling to apply: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning*, 332 F.3d at 880. Blanks claims that tolling applies here because Ford concealed information from him and failed to disclose to him that he was entitled to file charges of discrimination. (Pl.'s Mot. Summ. J./Response Brief at 2). He fails, however, to describe the nature of information allegedly concealed by Ford and produces no evidence of concealment. *Manning*, 332 F.3d at 880; *Eber v. Harris County Hosp. Dist.*, 130

F.Supp.2d 847, 864-65 (S.D. Tex. 2001) ("[T]he plaintiff bears the burden of demonstrating a factual basis to justify tolling of the limitation period."). And although Blanks complains that Ford "failed to disclose to him that he was entitled to file such charges", the limitations period should only be equitably tolled "when the employer's *affirmative acts* mislead the employee and induce him not to act within the limitations period." *Manning*, 332 F.3d at 880 (emphasis in original). Blanks has neither alleged nor produced evidence that Ford committed affirmative acts designed to induce him to not file a charge of discrimination. Therefore, the Court finds no factual or legal basis to toll the limitations period, and Blanks's ADA claim is time-barred.

**C.     Blanks's Claims under the Fair Debt Collection Practices Act ("FDCPA")**

Ford contends that it cannot be held liable under the FDCPA because it is not a "debt collector" within the meaning of that act. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute excludes from the definition of the term: "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F). Ford maintains that it falls within this exclusion and that Blanks has no evidence that Ford was not the original lender or servicer of a purchase or lease transaction. Rather than providing such evidence, in his response Blanks merely makes conclusory allegations that Ford posted information related to his bankruptcy filing and credit report to his co-workers and friends. Having offered no evidence that Ford falls within the definition of a "debt

7

collector" under the FDCPA, or that Ford otherwise violated that act, the Court finds that Blanks's FDCPA claim must be dismissed.

**D.     Blanks's Claims under the Fair Credit Reporting Act ("FCRA")**

Blanks complains that Ford utilized his credit report for a non-business purpose in violation of the FCRA. (Compl. p. 7). Ford moves for summary judgment on this claim, arguing that Blanks has no evidence that Ford obtained his credit report for an improper purpose. Having combed through Blanks's disordered summary judgment briefing, the Court has failed to find any competent *evidence* supporting Blanks's conclusory allegation that Ford improperly posted Blanks's personal credit or financial information in violation of the FCRA. Because Ford has pointed out the absence of evidence supporting Blanks's FCRA claim and Blanks has failed to come forward with specific facts supporting that claim, Ford is entitled to summary judgment.

**E.     Breach of Contract**

Blanks's breach of contract claim appears to be based on his allegation that Ford reported "information other than payments, correct payment history and or insurance or like information on Plaintiff's automobile account" and by "choosing to defame Plaintiff (a customer) further by failing to process the previous extension". (Compl. p. 10). Once again, Ford contends that Blanks has no evidence supporting a claim for breach of contract. To make out a breach of contract claim in Texas a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.). Because Blanks has referred the Court to no evidence supporting any of these elements, the Court finds that Ford is entitled to summary judgment on any

and all breach of contract claims Blanks may be asserting.

## III. Conclusion

For the foregoing reasons, the Court GRANTS Ford's Motion for Summary Judgment (docket no. 64) in its entirety. Plaintiff's Motion for Summary/Partial Summary Judgment (docket no. 73) is DENIED. Ford's Motion to Strike Plaintiff's Motion for Summary Judgment (docket no. 82) is DENIED as moot. Defendant Mike Nelson is DISMISSED from this action in light of Blanks's failure to serve Nelson within 30 days of the Court's January 7, 2005 order. Ford's counterclaims for breach of contract, money had and received, and unjust enrichment are the only claims that remain for resolution at trial.

**SO ORDERED**.

SIGNED April 20th , 2005

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE